UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRANCE FLYNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04852-JRS-TAB |
| ) | |
| INDIANA DEPARTMENT OF CORRECTION, ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Randall D. Flynn, a former inmate at Plainfield Correctional Facility ("Plainfield") brought this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") alleging that when he was confined at Plainfield, the defendants fired him from his prison job for praying during the workday. The defendants moved for summary judgment arguing that Mr. Flynn failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before he filed this lawsuit. For the following reasons, the defendants' motion for summary judgment, dkt. [29], is **GRANTED,** and Mr. Flynn's motion to exclude, dkt. [36], is **DENIED**.

**I.
LEGAL STANDARD**

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing

that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## II.
## MOTION TO EXCLUDE

As a preliminary matter, the Court has considered Mr. Flynn's motion to exclude the affidavit of Jeremy Jones. *See* dkt. 36. Although Mr. Flynn alleges that the defendants submitted the affidavit "in bad faith," his motion provides no evidence or cogent argument to support that conclusion. Rather, his motion only repackages his arguments in opposition to the defendants' motion for summary judgment. Because Mr. Flynn has provided no valid legal basis to exclude the affidavit, his motion, dkt. [36], is **DENIED**.

## III.
## BACKGROUND

### A. Offender Grievance Process

The Indiana Department of Correction ("IDOC") has a standardized offender grievance process. Dkt. 30-1 at 2. Upon an offender's entry into IDOC and when transferred to receiving facilities during incarceration, each offender is advised of the offender grievance process during offender admission and orientation and provided a copy of the policy or instructions on how to access a copy. *Id.* at 6. The purpose of the grievance process is to provide offenders committed to IDOC with a means of resolving concerns and complaints related to the conditions of their confinement. *Id.* at 2.

From October 1, 2017 through the relevant time period, the grievance process consisted of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. *Id*.

An offender who wishes to submit a grievance must submit a completed Offender Grievance form to the Offender Grievance Specialist no later than ten business days from the date of the incident giving rise to the complaint or concern. *Id*. at 3. The Offender Grievance Specialist must either return an unacceptable form or provide a receipt for an accepted form within five business days. *Id.* If an offender does not receive either a receipt or a rejected form within five business days, the offender shall notify the Offender Grievance Specialist of that fact and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within five business days. *Id.* Upon receipt of the grievance response from the Offender Grievance Specialist, the offender shall be permitted to appeal the response to the facility Warden/designee. *Id.* at 4. To appeal to the facility Warden/designee, the offender shall submit a Grievance Appeal form within five business days after the date of the grievance response. *Id.*

If the offender wishes to appeal the Warden's/designee's appeal response, the offender shall check "Disagree" on the appeal response and submit the completed Grievance Appeal form and any additional documentation to the Offender Grievance Manager within five business days of the appeal response. *Id.* at 5.  The Offender Grievance Manager's decision regarding the grievance is final. *Id*.  Once the offender receives the Offender Grievance Manager's appeal response, he or she has exhausted all remedies at the IDOC level.  *Id*.

### B.  Mr. Flynn's Participation in the Grievance Process

Mr. Flynn's grievance history report reflects that he filed a formal grievance on September 27, 2019, alleging that he was fired from his prison job for praying during work hours. Dkt. 30-1 at 6; 30-3 at 1; 35-1 at 1. That same day, a formal grievance response was issued to Mr. Flynn. Dkts. 30-1 at 6; 35-1 at 10. Mr. Flynn checked the line indicating that he "Agreed" with the formal grievance response. Dkts. 30-1 at 6; 35-1 at 10. Because Mr. Flynn stated that he agreed with the formal response, no further steps of the grievance process were taken, and the case was closed. Dkt. 30-1 at 6.

### III. DISCUSSION

The defendants seek summary judgment arguing that Mr. Flynn failed to exhaust his available administrative remedies as required by the PLRA. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397

(7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

Here, the defendants argue that the undisputed evidence demonstrates that Mr. Flynn did not file a formal appeal in compliance with the IDOC grievance policy before filing this action, and he therefore failed to exhaust his administrative remedies. In his response, Mr. Flynn argues that he did not file an appeal because he agreed with the outcome of his formal grievance, and therefore he did not need to complete all of the steps of the grievance process. In reply, the defendants argue that Mr. Flynn's concession that he did not complete the grievance process entitles them to summary judgment. The Court agrees. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions. . . until such administrative remedies as are available are exhausted."). Mr. Flynn's grievance was satisfactorily resolved following his formal grievance, *see* dkt. 35-1 at 10, and he nevertheless filed suit against the defendants. The PLRA is specifically intended to reduce such litigation. *See Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011) ("Grievances are intended to '[allow prisons] to address complaints about the program it administers before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved[.]'") (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)).

Because Mr. Flynn failed to exhaust his available administrative remedies prior to bringing this action, his claims must be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice.").

## IV.
## CONCLUSION

For the reasons explained above, the defendants' motion for summary judgment, dkt. [29], is **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE**. Mr. Flynn's motion to exclude, dkt. [36], is **DENIED**. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date:   4/18/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

TERRANCE FLYNN
159883
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only